IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANITA WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AMF BOWLING CENTERS, INC. | ) | |
| d/b/a BOWLMOR AMF CENTER | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Danita Watson ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against AMF Bowling Centers, Inc. d/b/a Bowlmor AMF Center (2749 Delk Rd. Marietta, GA 30067) and shows the Court as follows:

## JURISDICTION AND VENUE

### 1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to CT Corporation System 289 S Culver Street Lawrenceville, GA 30046-4805.

## **FACTUAL ALLEGATIONS**

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charge from the EEOC and was issued a "Notice of Right to Sue" on March 18, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

10.

Plaintiff applied for a position with Defendant around October 2021.

11.

Plaintiff is a masculine presenting homosexual female.

12.

No other masculine presenting females worked at this location.

13.

Plaintiff's  wife, Shronda Watson, also worked for Defendant.

14.

On or about November 2021, Plaintiff was invited to interview for Defendant.

15.

On or about November 17, 2021, Plaintiff followed up with the General Manager, Arvelle Draper on her job application. Draper responded by stating the reason for not hiring Plaintiff was that "lesbians keep up too much drama."

16.

Draper also told Plaintiff's wife, she was not hired because he believed lesbians created too much drama.

17.

Any reason given for not hiring Plaintiff is pretext for unlawful discrimination, based on Plaintiff's female gender/sexual orientation.

## CLAIMS FOR RELIEF

## COUNT I

## TITLE VII GENDER DISCRIMINATION
### (Failure to Hire)

18.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

19.

Plaintiff is a member of a protected class, i.e., she is a homosexual female.

20.

Title VII prohibits Defendant from discriminating against Plaintiff based on gender/sexual orientation.

21.

Defendant violated Plaintiff's rights under Title VII by failing to hire her because of her gender/sexual orientation. Plaintiff's gender/sexual orientation was a determinative factor in Defendant's decision to not offer Plaintiff employment.

22.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's gender/orientation, in violation of Title VII.

23.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

24.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

25.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

26.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)        General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)        Damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorneys' fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted, this 31st day of March 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com